IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 6:20-cv-00163-KKC |
| | ) ) | |
| v. | ) ) | |
| WALMART, INC. | ) ) | |
| | ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

This cause of action was initiated on August 3, 2020, by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), an agency of the United States Government, alleging that Defendant Walmart, Inc. ("Walmart") engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

Specifically, the EEOC alleged that Walmart violated Title VII by using a physical abilities test (PAT) at its grocery distribution centers nationwide that had a disparate impact on female orderfiller applicants. Walmart denies any violation with respect to its use of the physical abilities test and the hiring of grocery orderfiller applicants.

The parties desire to settle this action amicably and stipulate to the entry of this Consent Decree as final and binding between them. As used herein, "Walmart" shall mean Walmart, Inc., as well as any of its directors, officers, employees, agents,

Exhibit A

shareholders, successors, assigns, operating entity, division, franchise subsidiaries and affiliates, and their successors and assigns; and, any officer, director, trustee, agent, employee, or insurer of an entity encompassed by this paragraph.

In consideration of the mutual promises of each party to this Consent Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction of the subject matter of this action and over the parties, venue is proper, and all administrative prerequisites have been met.

2. This Consent Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

3. The Court, having examined the terms of this Consent Decree, finds it is reasonable, just, and in accordance with Title VII.

4. The Court further finds that entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the parties, those for whom the EEOC seeks relief, and the public.

5. Neither the EEOC nor Walmart shall contest the validity of this Consent Decree, or the jurisdiction of the United States District Court to enforce this Consent Decree and its terms, or the right of either party to file a motion to enforce, compel and/or for sanctions upon the breach of any term of this Consent Decree by Walmart or the EEOC.

## GENERAL PROVISIONS AND DEFINITIONS

6.     "Eligible Claimant" refers to a female who: (a) applied for the position of orderfiller at a Walmart grocery distribution center between February 1, 2010 and the time Walmart ceases use of the physical abilities test; (b) did not move forward in the hiring process due to being "non-competitive" on the PAT; and, (c) submits a timely claim form, release and tax-reporting document to the Claims Administrator as stated herein.

7.     "Effective Date" shall mean the date this Consent Decree is docketed by the clerk of court after it is signed and/or receives approval from the Court.

8.     This Consent Decree resolves all matters raised in Civil Action Number 6:20-cv-00163 and EEOC Charges 474-2010-01239 and 474-2010-01240. This Consent Decree also terminates the EEOC's investigation of Walmart's physical abilities test and releases claims by the Charging Parties and all other applicants to the extent that a Charging Party or applicant signs a Release in accordance with this Consent Decree.  This Consent Decree does not resolve any other charge of discrimination or litigation against Walmart that is currently pending before the EEOC.

## SCOPE AND DURATION

9.     The provisions contained herein are effective immediately upon the date this Consent Decree is docketed by the clerk of court after it is signed and/or receives approval from the Court.

10.     The duration of this Consent Decree shall be two (2) years from the Effective Date ("the Duration") unless there is an open dispute under paragraphs 50

to 54, in which case the Consent Decree shall be extended until the dispute is resolved.

11.     This Consent Decree shall apply to all Walmart grocery distribution centers currently in existence, any that may come into existence during the Duration of this Consent Decree and grocery distribution centers that no longer exist, but which existed at any time between 2010 and the Effective Date of this Consent Decree.

**INJUNCTIVE RELIEF**

12.     Walmart, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, shall cease use of all physical ability testing currently being used for purposes of hiring grocery-distribution-center orderfillers no later than one hundred twenty (120) days after the Effective Date of this Consent Decree.

13.     For five (5) years after the Effective Date of this Consent Decree, Walmart, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are enjoined and restrained from administering or implementing any physical ability testing for purposes of hiring grocery distribution-center orderfillers.

14.     Walmart, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are enjoined and restrained from engaging in any employment practice that discriminates against employees or job applicants who oppose any practice made unlawful by Title

4

VII.  Walmart is also enjoined and restrained from engaging in any employment practice that discriminates against any job applicant, employee or other person because he or she made a charge, or participated, testified or assisted the Commission in any manner, or sought or received relief under this Consent Decree, the administrative proceedings preceding this action, or in any other proceeding under Title VII.

**MONETARY RELIEF**

15.    Walmart shall pay a total of twenty million dollars ($20,000,000.00) into a Qualified Settlement Fund (QSF) as part of the resolution of this litigation. The money paid into the QSF shall constitute back pay to be distributed to Eligible Claimants. The money in the QSF shall be held in a high-yield, interest-bearing account and all interest earned on the settlement fund shall accrue to the settlement fund.

16.    Award criteria and all distributions of monetary relief to and among Eligible Claimants will be determined at the sole discretion of the EEOC. Walmart shall have no role in determining whether someone is an Eligible Claimant or amounts payable to such persons, and Walmart shall not object to the EEOC's determinations.

**CLAIMS PROCESS**

17.    Within thirty (30) days of the Effective Date, the parties shall select a mutually agreed upon Claims Administrator to administer the claims process and

payments to claimants as designated by the EEOC. Within fourteen (14) days of being selected, the Claims Administrator shall establish the QSF.

18.     Walmart shall complete payment into the QSF via wire transfer no later than sixty (60) days after the establishment of the QSF by the Claims Administrator. The Claims Administrator shall promptly notify EEOC after Walmart has completed payment into the QSF.

19.     Walmart shall pay all costs up to two hundred fifty thousand dollars ($250,000.00) incurred by the Claims Administrator in the course of carrying out its duties under this Consent Decree. The Claims Administrator shall:

    a.    mail notices and forms to Eligible Claimants;

    b.    receive claim forms;

    c.    transmit notification of monetary awards;

    d.    issue checks to Eligible Claimants from the QSF;

    e.    withhold appropriate taxes on all backpay awards, pay the employer's share of FICA and other employer taxes from funds provided by Walmart, and issue appropriate tax reporting forms to Eligible Claimants;

    f.    prepare and file all appropriate tax filings and reports, including but not limited to tax returns required to be filed by the settlement fund and W-2 forms for all payments from the settlement fund; and

    g.    perform other tasks as it, or the EEOC may deem necessary to

facilitate the claims process.

20.     Within thirty (30) days of cessation of the PAT but no later than one hundred thirty days (130) days from the Effective Date of this Consent Decree, Walmart shall submit to the EEOC an Excel spreadsheet that contains, to the extent that Walmart has such information, the following information as to each individual who did not self-identify to Walmart as "male" and who applied for an open orderfiller position at a Walmart grocery distribution center between February 1, 2010 and the time Walmart ceased use of the PAT, and who did not move forward in the hiring process due to being deemed "non-competitive" on the physical ability test ("Applicant"):

      a.     first and last name;

      b.     social security number;

      c.     date of birth;

      d.     last known residential address;

      e.     last known telephone/cell number;

      f.     date of application;

      g.     distribution center applied to; and

      h.     date physical ability test was taken.

Walmart warrants that it will provide to the EEOC all of the information listed above that it has in its possession for each Applicant and that it will not withhold any such information.

21.     Within thirty (30) days of receipt of an Excel spreadsheet from the EEOC identifying potential Eligible Claimants, the Claims Administrator shall send each individual identified in the spreadsheet: (1) a notice informing them of the settlement and providing information about submitting a claim on the settlement fund, and (2) a questionnaire to be returned to the Claims Administrator, and (3) the notice from Walmart advising that it does not require physical ability testing for purposes of hiring grocery distribution center orderfillers. The Claims Administrator shall work with the EEOC to develop the notice and questionnaire (items 1 and 2). To provide the best notice practicable, before any mailing to such individuals, the Claims Administrator shall run the list of potential Eligible Claimants through the United States Postal Service's National Change of Address database ("NCOA").

22.     The Claims Administrator shall make diligent efforts to provide notice of the settlement to any individual whose notice is returned as undeliverable, including the use of skip trace resources, the NCOA database, and additional mailing, to locate individuals and provide notice. The Claims Administrator shall periodically update the spreadsheet with the most current address information available. Within thirty (30) days of the time that the Claims Administrator has exhausted efforts to locate potential Eligible Claimants and the deadline to return questionnaires has passed, the Claims Administrator shall provide a copy of a revised Excel spreadsheet to the EEOC which contains all potential Eligible Claimants who have been located and who have indicated an interest in participating in the settlement.

23.     Within thirty (30) days of receipt of the revised Excel spreadsheet of potential Eligible Claimants identified in paragraph 22, the EEOC shall provide the Claims Administrator with a "Distribution List" in Excel format that notes the amount of back pay to be distributed to each potential Eligible Claimant. Within thirty (30) days of receiving this "Distribution List," the Claims Administrator shall notify each potential Eligible Claimant via first class mail of the estimated amount of her payment. Along with the notice of estimated award, the Claims Administrator shall mail to each potential Eligible Claimant all applicable tax reporting forms and a release. The release is attached as Attachment A.

24.     Potential Eligible Claimants shall have sixty (60) days to return a completed tax reporting form and release to the Claims Administrator. Any potential Eligible Claimant who fails to return the required forms by the deadline shall be ineligible to receive any relief under this Consent Decree, except that the Claims Administrator shall engage with any Eligible Claimant who timely responded but returned a deficient tax reporting form and/or release and provide an additional thirty (30) days to properly complete and return such forms.  The Claims Administrator shall consult with the EEOC regarding any additional exception(s) to the untimely receipt of the required form(s) and prior to making any final determination that a received document is in any way deficient, and/or that an individual is ineligible to participate in the settlement fund. The Claims Administrator shall notify individuals deemed ineligible to participate in the

settlement fund that their claims are untimely or otherwise deficient and that they shall not receive a monetary award.

25.     Within thirty (30) days after the last deadline in paragraph 24, the Claims Administrator shall update the "Distribution List" to specify all Eligible Claimants deemed to have timely and properly responded.

26.     Within thirty (30) days of the Claims Administrator updating the "Distribution List" as required by paragraph 25, the Claims Administrator shall provide a copy of it to the parties and notify Walmart of its amount of applicable taxes (e.g., FICA) to be paid to the QSF. Within thirty (30) days of receipt of this information from the Claims Administrator, Walmart will wire transfer its amount of applicable taxes (e.g., FICA) for deposit into the QSF.

27.     Within ten (10) days of Walmart wire transferring its amount of applicable taxes (e.g., FICA) into the QSF, the Claims Administrator shall issue to each individual on the updated "Distribution List," an award check and a copy of the notice required by paragraph 35. Checks and notices shall be sent via first class mail, in the amounts designated by the EEOC. Copies of this correspondence shall simultaneously be provided to the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204.  A copy shall also be e-mailed to EEOC counsel Aimee L. McFerren at aimee.mcferren@eeoc.gov and monitoring-EEOC-INDO@eeoc.gov.

28.     Each check will remain valid for one hundred twenty (120) days. To the extent any check may need to be reissued, the EEOC will so notify the Claims Administrator.

29.     At least every thirty (30) days after the Claims Administrator issues checks pursuant to paragraph 27, the Claims Administrator shall identify any check(s) not negotiated and/or returned non-negotiated to allow the tracking of remaining funds. In the event there is a question regarding whether a check has been negotiated, the EEOC and the Claims Administrator will work together to determine when payment was rendered, including obtaining a copy of the canceled check. If any checks are returned as undeliverable, the Claims Administrator will attempt to find an updated address. If an updated address can be found, the check shall be re-mailed.

30.     On a quarterly basis throughout the Duration of this Consent Decree, until no funds remain in the QSF, the Claims Administrator shall notify the EEOC of any remaining amount available in the settlement fund.  If there are any unallocated funds remaining in the settlement fund after all reasonable efforts have been made to locate Eligible Claimants, and secure completed claim and tax reporting forms and releases, the Claims Administrator, upon direction from the EEOC, shall issue a second distribution to the Eligible Claimants who received initial payments under paragraph 27. Checks shall be sent via first class mail, in the amounts designated by the EEOC. Copies of these checks shall simultaneously be provided to the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana,

46204. A copy shall also be e-mailed to EEOC counsel Aimee L. McFerren at

aimee.mcferren@eeoc.gov and monitoring-EEOC-INDO@eeoc.gov. Each check will

remain valid for one hundred twenty (120) days. To the extent any check may need to

be reissued, the EEOC will so notify the Claims Administrator.

31.     If there are any unallocated funds remaining in the settlement fund

after all reasonable efforts have been made to issue a second distribution to Eligible

Claimants as described in paragraph 30 above, the Claims Administrator, upon

direction from the EEOC, shall distribute the remaining balance to the New

Opportunity School for Women based in Berea, Kentucky.

32.     All Eligible Claimants must execute the attached release as a condition

of receipt of monetary payment.

33.     Any allocation paid to a deceased Eligible Claimant shall be made

payable to the estate of the deceased Eligible Claimant upon timely receipt by the

Claims Administrator of: (i) proper written proof of the estate's entitlement to receive

the deceased Eligible Claimant's assets and, (ii) the decedent's prior execution of the

attached release.

34.     The Claims Administrator shall be responsible for preparing and filing

all appropriate tax filings and reports, including, but not necessarily limited to, W-2

forms for all Eligible Claimants for their payments from the settlement fund, as well

as any required for the settlement fund. The Claims Administrator shall be

responsible for reporting and remitting to the appropriate taxing authorities the

employer's share of taxes or contributions required to be paid by Walmart in a timely manner after receipt of the amount due for those payments from Walmart.

## NOTIFICATIONS

35.     Within thirty (30) days after the Effective Date of this Consent Decree, and for the Duration of the Consent Decree, Walmart shall post in an employee breakroom at each grocery distribution center an eight and a half (8 ½) inches by eleven (11) inches laminated copy of the notice, attached as Attachment B. If the notice becomes defaced, missing, or illegible, Walmart will replace it with a clean copy as promptly as practicable. Failure to immediately replace the posting at an individual facility will not constitute a breach of this Decree.

36.     Each Eligible Claimant shall receive written notification that Walmart does not require physical ability testing for purposes of hiring grocery distribution center orderfillers. The written notification shall be distributed by the Claims Administrator along with the materials listed in paragraph 21. The content of the notice is attached as Attachment C.

37.     For the Duration of this Consent Decree, Walmart shall include a notice on its Career Preference intranet for job applicants stating that it does not require physical ability testing for purposes of hiring grocery distribution center orderfillers.

## COMPLAINTS CONCERNING DISCRIMINATION BECAUSE OF SEX

38.     For the Duration of this Consent Decree, Walmart shall maintain a centralized written or electronic record of any and all complaints to Walmart's Global Ethics regarding hiring discrimination into orderfiller positions at a Walmart grocery

13

distribution center on the basis of sex ("Sex Discrimination Complaint"). This record shall contain for each complaint, to the extent provided to Walmart by the complainant:

    a.    the name of the individual making the complaint;

    b.    the individual's contact information;

    c.    the individual's relationship to Walmart (e.g., applicant);

    d.    the date on which the complaint was made;

    e.    the location where the complained-of conduct occurred;

    f.    a summary of the complaint (including the identify of all individuals involved);

    g.    the name and title of the employee receiving the complaint;

    h.    a summary of any investigation undertaken by Walmart into the complaint; and

    i.    a summary of the outcome of the complaint.

For the Duration of the Decree, Walmart shall retain any non-privileged documents created as part of Walmart's receipt, investigation, and/or resolution of all such complaints concerning sex discrimination.

## TRAINING

39.    Within sixty (60) days of the Effective Date, Walmart shall provide training to all employees who have any responsibility for hiring grocery orderfillers, or managing or supervising grocery orderfillers. If providing training is not feasible within sixty (60) days of the Effective Date due to continuation or another "wave" of

the global COVID-19 pandemic, Walmart will provide such training as soon as reasonably possible, but no later than one hundred fifty (150) days of the Effective Date. The training shall cover:

    a.    The terms of this Decree, including cessation of the PAT;

    b.    Ensuring that hiring of grocery orderfillers is done without discrimination on the basis of sex; and,

    c.    Providing clear and accurate information about grocery orderfiller job requirements and qualifications.

40.    The EEOC has approved Walmart's proposed training materials for paragraph 39; Walmart agrees that future trainings will be substantially similar to the approved training materials in content. Walmart will maintain records of the identities of all persons who receive the training.

41.    Should Walmart hire any individual with responsibility for hiring grocery orderfillers, supervising grocery orderfillers, or compliance with this Decree during the term of the Decree, or newly assign any employee those such responsibilities, Walmart shall provide the training described in paragraph 39 to that individual within thirty (30) days of the date of the individual's hire or assignment.  If providing training is not feasible within thirty (30) days of the new hire due to continuation or another "wave" of the global COVID-19 pandemic, Walmart will provide such training as soon as reasonably possible, and no later than one hundred twenty (120) days from the individual's hire or new assignment date.

42.     Annually for the Duration of the Consent Decree, Walmart shall provide training on what constitutes an unlawful employment practice under Title VII to all employees who have any responsibility for hiring grocery orderfillers, or managing or supervising grocery orderfillers. At a minimum, the training shall cover:

a.     Title VII's prohibitions against sex discrimination;

b.     Ensuring that hiring is done without discrimination on the basis of sex; and,

c.     Proper handling of complaints of sex discrimination from applicants and employees.

43.     The EEOC has approved Walmart's proposed training materials for the training in paragraph 42 and Walmart agrees that future trainings will be substantially similar to the approved training materials in content. Walmart will maintain records of the identities of all persons who receive the training.

44.     Should Walmart hire any individual with responsibility for hiring grocery orderfillers, supervising grocery orderfillers, or compliance with this Decree during the term of the Decree, or newly assign any employee those such responsibilities, Walmart shall provide the training described in paragraph 42 to that individual within thirty (30) days of the date of the individual's hire or assignment. If providing training is not feasible within thirty (30) days of the new hire due to continuation or another "wave" of the global COVID-19 pandemic, Walmart will provide such training as soon as reasonably possible, and no later than one hundred and twenty (120) days of hire or new assignment date.

16

## MONITORING AND REPORTING

45.    Within ten (10) days of cessation of all physical ability testing, and no later than one hundred thirty days (130) days from the Effective Date of this Consent Decree, Walmart shall certify to the EEOC, in writing, compliance with the testing cessation required by paragraph 12.

46.    Within thirty (30) days of the Effective Date of this Consent Decree, Walmart shall certify to the EEOC, in writing, that the notices required by paragraphs 35 and 37 have been properly posted, including identifying the locations where notices have been posted.

47.    During the duration of this Consent Decree, Walmart shall provide two reports containing the following:

a.    As to each grocery distribution center, the total number of orderfillers employed, the sex of each orderfiller hired, and the date hired.

b.    Verification that all training required under this Consent Decree in the previous twelve (12) months has occurred;

c.    Verification of compliance with the notice posting requirements in paragraphs 35 and 37 of this Consent Decree; and,

d.    A summary of all Sex Discrimination complaints processed pursuant to paragraph 38 of this Consent Decree, including a summary of the information required by paragraphs 38 (a)-(i).

The first report required by this paragraph shall be due twelve (12) months from the Effective Date of the Consent Decree and the second report shall be due twenty-two

17

(22) months from the Effective Date of the Consent Decree. The reports shall be submitted to the EEOC's Regional Attorney for the Indianapolis District, Kenneth Bird, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana, 46204. A copy shall also be e-mailed to EEOC counsel Aimee L. McFerren at aimee.mcferren@eeoc.gov and monitoring-EEOC-INDO@eeoc.gov. Upon written request by the EEOC, Walmart shall produce records concerning the persons required to be identified pursuant to paragraph 38 of this Consent Decree.

**COSTS**

48.    Each party to this Consent Decree shall bear its own attorneys' fees and costs associated with this litigation, except as noted in paragraph 53 regarding dispute resolution.

**NOTIFICATION OF SUCCESSORS**

49.    Walmart shall provide prior written notice to any potential purchaser of its business, or any part thereof, or a purchaser of all of Walmart's assets, and to any other potential successor, of EEOC's Complaint, and the existence and contents of the Consent Decree.

**DISPUTE RESOLUTION**

50.    The Court retains jurisdiction over this action for purposes of enforcement during the Duration of this Consent Decree and will have available powers to enforce the Consent Decree, including but not limited to monetary sanctions, injunctive relief, and extension of the term of the Consent Decree. The

matter may be administratively closed but will not be dismissed during the Duration of this Consent Decree.

51.     Either party may petition the Court to enforce the terms of this Consent Decree as to any alleged breach of which one party has notified the other party in writing not less than thirty (30) days before the expiration of this Consent Decree and after following the notice process outlined in paragraph 52 and allowing the other party at least thirty (30) days in which to make a good faith attempt to cure the alleged breach.

52.     In the event that either party believes that the other party has failed to comply with any provision(s) of the Consent Decree, the party will notify the other party, which will make a good faith attempt to cure the alleged breach of the Consent Decree within thirty (30) days of notification.

53.     If the parties cannot resolve their dispute in good faith as outlined in paragraph 52, a party may file a motion with the Court seeking remedies for the alleged non-compliance and for the other party to show cause why it should not be found in contempt.

54.     If one party moves to enforce the Decree, and the Court determines that the other party has not complied with this Consent Decree and orders relief, the party in breach shall pay the other party's costs and attorney's fees.

**IT IS SO ORDERED, ADJUDGED, AND DECREED**.

Dated: _____

_____
U.S. District Judge

19

Copies to:

Kenneth L. Bird
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio Street
Suite 1900
Indianapolis, IN 46204
Telephone: (463) 999-1163
E-mail: kenneth.bird@eeoc.gov

Aimee L. McFerren
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King, Jr. Pl.,
Suite 268
Louisville, KY 40202
Telephone: (502) 582-6308
E-mail: aimee.mcferren@eeoc.gov

Kathryn A. Quesenberry
DINSMORE & SHOHL LLP
101 South Fifth Street
Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 540-2300
Facsimile: (502) 585-2207
kathryn.quesenberry@dinsmore.com

**Attachment A**

**<u>Release of Claims</u>**

      In consideration for $ _____ paid to me by
_____, in connection with the resolution of EEOC v. Walmart, Inc.,
Civil Action No. 6:20-cv-00163, and EEOC Charge No. 474-2010-01239 and EEOC
Charge No. 474-2010-01240, I waive and release my right to recover for any claims
of sex discrimination arising under Title VII of the Civil Rights Act of 1964 that I
had against Walmart, Inc. prior to the date of this release and that were included in
the claims alleged in EEOC's complaint in EEOC v. Walmart, Inc., Civil Action No.
6:20-cv-00163, and EEOC Charge No. 474-2010-01239 and EEOC Charge No. 474-
2010-01240.

Date:_____Signature: _____

Print Name: _____

Exhibit A

Attachment B

<u>EMPLOYEE NOTICE</u>

**This notice to all employees of Walmart is being posted and provided as part of a Consent Decree resolving a lawsuit under Title VII of the Civil Rights Act of 1964, between Walmart and the United States Equal Employment Opportunity Commission (EEOC).**

EEOC alleged that Walmart violated Federal law by using a physical abilities test as part of its hiring process at its grocery distribution centers that had a disparate impact on female orderfiller applicants.   Walmart denied any violation of the law in its use of the physical abilities test and the hiring of grocery orderfillers.

As part of the resolution of this lawsuit, Walmart has agreed to cease use of any physical abilities testing as part of its hiring process across all Walmart facilities and for all positions.

Federal law requires that there be no discrimination against any employee or applicant for employment because of sex, race, national origin, color, religion, age, genetic information, or disability. Employees are also protected from retaliation for complaining about unlawful discrimination or for otherwise opposing unlawful discriminatory conduct.

Walmart shall comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, or the Equal Pay Act.

The Equal Employment Opportunity Commission maintains offices throughout the United States. EEOC can be reached at (800) 669-4000 or, for the hearing impaired, at (800) 669-6820 (TTY) or via e-mail at info@eeoc.gov. The EEOC is a federal law-enforcement agency and charges no fees to receive and investigate complaints. Additional information about EEOC is available at www.eeoc.gov, including how to file a charge online.

SIGNED this _____day of_____, 2020.

_____
Cassie Bell, Sr. Director of HR
for the Grocery DC network

## Attachment C

Please be advised that as of (date) Walmart no longer requires physical ability testing for purposes of hiring grocery distribution center orderfillers.

If you would like to apply for an open orderfiller position at one of Walmart's grocery distribution centers, you will not be required to take a physical ability test.